ESTATE OF KEEN: NESHEIM, Executor, and another, Appellants, v. SECURITY STATE BANK OF MADISON, now SECURITY MARINE BANK OF MADISON, Special Administrator, and others, Respondents.**

No. 56. Submitted June 7, 1973.—Decided June 29, 1973.
(Also reported in 208 N. W. 2d 446.)

For the appellants the cause was submitted on the brief of *Lowell T. Thronson, Elizabeth Thronson Rodenkirch* and *Thronson & Thronson,* all of Madison.

For respondent Sybil June Keen the cause was submitted on the brief of *Robert J. Mueller* of Madison.

PER CURIAM. The will which is challenged on this appeal names the testator's second wife as the legatee of substantially all his estate. His first wife predeceased him. Objectors argue that the will was not properly proved for probate; that it was the result of undue influence; that testator was operating under a mistake of fact induced by misrepresentation of his second wife as to whether she was free to remarry; and that the will was not a complete document.

The statutory elements for admission of the will to probate were supplied by the testimony of competent witnesses. The fact that one of those witnesses was also an attorney for the proponent of the will does not

** Motion for rehearing denied, with costs, on August 28, 1973.

affect the admissibility of his testimony. *Estate of Elvers* (1970), 48 Wis. 2d 17, 179 N. W. 2d 881.

The trial court carefully reviewed the testimony and concluded that the objectors had not met their burden of proof on the issue of undue influence. We agree.

The misrepresentation issue is a sufficiency of the evidence issue. The objectors claim that Mrs. Keen misled her husband by assuring him that there was no bar to her remarriage under the tenets of Jehovah's Witnesses. They allege that she was twice divorced on grounds other than adultery, and this fact prevented her from remarrying under the doctrine of that faith. The trial court's finding that there was no such misrepresentation is not contrary to the great weight and clear preponderance of the evidence.

The last issue raised by the objectors is that the will is not a complete instrument, because reference is made to the "executrix and trustee," when no trust is created under the provisions of the will. No evidence was introduced of any written codicil or other documents which could constitute a part of the will. The scrivener of the will testified that the language was used to cover all conceivable situations, including those where it would be necessary to appoint a trustee for one of the legatees. The quoted language does not make the will incomplete.

The judgment is affirmed.